IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PINE TOP RECEIVABLES OF ILLINOIS, LLC., | ) ) ) | |
| Plaintiff, | ) ) | No. 15-CV-8908 |
| v. | ) ) | Hon. Amy J. St. Eve |
| TRANSFERCOM, LTD., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Pine Top Receivables of Illinois, LLC ("Pine Top") has moved this Court to remand its case against Defendant Transfercom ("Transfercom") to the Circuit Court of Cook County, Illinois [15]. For the following reasons, the Court grants Pine Top's motion and remands the case to the Circuit Court of Cook County.

## BACKGROUND

The following facts are taken from Transfercom's Amended Notice of Removal (R. 10) and the underlying complaint in *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 2015 L 9145. (R. 1-1 at 3-8.) Pine Top Insurance Company is an insurance company that the Circuit Court of Cook County and Illinois's Director of Insurance liquidated. (*Id*. at 3.) The Circuit Court then assigned some of Pine Top Insurance Company's accounts receivable to Pine Top, a limited liability company incorporated in Delaware with its principal place of business in New York. (*Id*.) Transfercom, an insurance company incorporated in the United Kingdom, assumed obligations to Pine Top Insurance Company before it was liquidated. (*Id*. at 3-4.)

On September 4, 2015, Pine Top filed a complaint in the Circuit Court of Cook County, Illinois alleging breach of contract against Transfercom. (R. 10 at ¶1.) Specifically, Pine Top alleges that Transfercom was party to an "Excess of Loss Reinsurance Agreement" with Pine Top Insurance Company. (*Id.*) Transfercom breached this agreement, asserts Pine Top, after failing to pay approximately $181,554.68 of the contingent losses that Pine Top Insurance Company sustained before being liquidated. (*Id.* at ¶6; R. 1-1 at 6.)

Transfercom removed the underlying case to this Court on October 7, 2015 pursuant to 28 U.S.C. §1441(a). (R. 1.) Pursuant to the Court's October 8, 2015 Order, Transfercom filed an Amended Notice of Removal on October 9, 2015. (R. 10.) Pine Top moved this Court to remand the case back to the Circuit Court on October 27, 2015. (R. 15.)

## **ANALYSIS**

Pine Top now asks the Court to remand the case to the Circuit Court, contending that the "removal was improper, because it contravened the forum selection clauses of the reinsurance contracts involved." (*Id.* at 1.) The Court agrees.

Article XVIII of the reinsurance agreements at issue is a "service of suit" clause that provides, in relevant part:

> The provisions of this Article only apply to Reinsurers not domiciled in any state in the United States of America.
>
> It is agreed that in the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

(R. 1-1 at 16.)

Pine Top argues that this agreed upon clause represents an "enforceable promise to accept Plaintiff's choice of forum." (R. 17 at 4.) Specifically, Pine Top contends that agreeing to "submit to the jurisdiction of any Court of competent jurisdiction within the United States" requires Transfercom to appear in any court of Pine Top's choosing. (R. 21 at 4.) Further, Pine Top maintains that agreeing to "comply with all requirements necessary to give such Court jurisdiction" and that "all matters arising hereunder shall be determined in accordance with the law and practice of such Court" prohibits Transfercom from simply appearing and removing to federal court as it did. (*Id*.) Indeed, according to Pine Top, Transfercom "voluntarily undertook to appear in, and stay in, any court having jurisdiction over this matter which the Plaintiff selected." (R. 21 at 9.)

Transfercom interprets the clause differently. "At best," counters Transfercom, "the clause is permissive and ineffective as a bar to Transfercom's removal of Plaintiff's action to federal court." (R. 20 at 6.) Specifically, Transfercom contends that "the service of suit clause fails to identify any specific venue or forum." (*Id*. at 3.) As a result, Transfercom argues, the "contractual consent to jurisdiction within the United States does not constitute a waiver of its statutory right to remove." (*Id*. at 9.)

28 U.S.C. §1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A party may, however, contractually waive its statutory right to remove. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989) (highlighting a number of cases that "have applied contract principles to enforce forum-selection clauses and thus remand on non-statutory grounds"); *see also Newly Wed Foods, Inc. v. A.M.*

3

*Todd Group, Inc.*, No. 03 C 7827, 2004 WL 755703, at *1 (N.D. Ill. Feb. 18, 2004) ("In some cases, [a forum selection clause] may constitute waiver of defendant's right to remove a suit to federal court."); *Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. 1345, 1348 (N.D. Ill. 1993) ("Forum selection clauses may give plaintiffs the exclusive and decisive right to select the forum."). "For there to be a waiver . . . the defendant must have clearly and unequivocally waived its right to remove." *Continental Cas. Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 995 (N.D. Ill. 2007); *see also Beissbarth USA, Inc. v. KW Products, Inc.*, No. 04 C 7738, 2005 WL 38741, at *2 (N.D. Ill. Jan. 6, 2005); *Newly Wed Foods, Inc.*, 2004 WL 755703, at *1. Accordingly, the Court's analysis hinges on whether the agreed upon "service of suit" clause constitutes a "clear and unequivocal" removal waiver. *Id*. (citations omitted).

"Under Illinois law, '[a]n insurance policy is a contract, and the general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies.' " *Westfield Ins. Co. v. Vandenberg*, 796 F.3d 773, 777 (7th Cir. 2015) (quoting *Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill. 2d 11, 291 Ill. Dec. 269, 823 N.E.2d 561, 564 (2005)); *see also Geschke v. Air Force Ass'n,* 425 F.3d 337, 342 (7th Cir. 2005). Importantly, "like any contract under Illinois law, 'an insurance policy is construed according to the plain and ordinary meaning of its unambiguous terms.' " *Schuchman v. State Auto Property and Cas. Ins. Co.*, 733 F.3d 231, 235 (7th Cir. 2013) (quoting *Auto-Owners Ins. Co. v. Munroe*, 614 F.3d 322, 324 (7th Cir. 2010) (citing *Nicor, Inc. v. Associated Elec. & Gas*, 223 Ill. 2d 407, 307 Ill. Dec. 626, 860 N.E.2d 280, 286 (2006))).

The "plain and ordinary meaning" of the "service of suit" section at issue constitutes a voluntary removal waiver. *Id*. (citations omitted). Transfercom agreed to "submit to the jurisdiction of any Court of competent jurisdiction within the United States." (R. 1-1 at 16.) On

its surface, this clause seems to restrict a party to any United States court of the opposing party's choice. This language alone, however, may not amount to a "clear and unequivocal" waiver of removal. Indeed, "where only jurisdiction is specified, the clause will generally not be enforced[.]" *Muzumdar v. Wellness Int'l. Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). A party, for example, may submit to a court's jurisdiction and proceed to employ its statutory right to remove all while satisfying this individual clause. *See LaSalle Re. Ltd.*, 500 F. Supp. 2d at 994 ("[W]hen parties to a contract locate jurisdiction in a certain court, it does not necessarily follow that they have agreed to venue only in that court.") (citation omitted).

Transfercom, however, agreed to more. Specifically, Transfercom contracted to "comply with all requirements necessary to give such Court jurisdiction." (R. 1-1 at 16.) Moreover, it agreed that "all matters arising hereunder shall be determined in accordance with the law and practice of such Court." (*Id*.) Put differently, Transfercom agreed to submit itself to Pine Top's court-choice, and stay there. To allow removal under such circumstances would be to ignore the contractual terms' "plain and ordinary meaning." *Schuchman* 733 F.3d at 235 (citations omitted). Agreeing to do anything "necessary to give such court jurisdiction" necessarily includes *not* doing something to impede said court from having jurisdiction, such as removing. Further, contracting to have the "law and practice of such court" govern "all matters" necessarily precludes one from selecting the "law and practice" of another court by removing. Allowing Transfercom to remove would render these clauses superfluous, at best, and meaningless, at worst. "A contract is to be construed as a whole, giving meaning and effect to every provision thereof, if possible, because it is presumed that every clause in the contract was inserted deliberately and for a purpose." *Platt v. Gateway Int'l. Motorsports Corp.*, 351 Ill. App. 3d 326, 286 Ill. Dec. 222, 813 N.E.2d 279, 282-83 (2004) (citation omitted). Thus, integrated, these

5

three terms specify that Pine Top reserved the exclusive authority to select both the jurisdiction and venue, and Transfercom agreed to oblige. *See Muzumdar*, 438 F.3d at 762 ("We have said that where venue is specified with mandatory or obligatory language, the clause will be enforced[.]") (citing *Paper Express, Ltd. V. Pfankuch Maschinen GmbH*, 972 F.2d 753 (7th Cir. 1992)). As a result, Transfercom's enforceable service of suit clause constitutes a "clear and unequivocal" waiver of its removal right. *LaSalle Re Ltd.*, 500 F. Supp. 2d at 994.

Indeed, in *LaSalle Re Ltd.*, a case on which Transfercom relies (R. 20 at 4), the Court highlighted a service of suit clause nearly identical to the one at issue as a clear and unequivocal removal waiver:

> For there to be a waiver, however, the defendant must have clearly and unequivocally waived its right to remove. For instance, in *Euzzino*, the forum selection clause indicated that the defendants agreed to submit to any court of competent jurisdiction of the plaintiff's choosing, to comply with all requirements necessary to give that court jurisdiction, and to abide by the final decision of that court. The Court found this sufficient evidence that the defendant had voluntarily waived its right to remove a case which plaintiff chose to file in state court.

*Id.* at 995 (citing *Euzzino v. London & Edinburgh Ins. Co.*, 228 F. Supp. 431, 432 (N.D. Ill. 1964)). A number of courts interpreting this clause have concluded the same. *See, e.g., Pontanini v. Northfield Ins. Co.*, No. 15 C 6141, 2015 WL 6147775 (N.D. Ill. Sept. 28, 2015); *Logan v. Associated Intern. Ins. Co.*, 131 F. Supp. 2d 986 (N.D. Ill. 2001); *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001) ("[T]he collective holdings of all federal courts that have addressed similar service of suit clauses would support a remand in this case because [Defendant] consented to be sued in any jurisdiction chosen by [Plaintiff] thereby waiving its right to remove this case to federal court."); *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207 (3d Cir. 1991); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991); *General Phoenix Corp. v. Malyon*, 88 F. Supp. 502 (S.D.N.Y. 1949).

6

The Court is not persuaded by Transfercom's argument to the contrary. Specifically, Transfercom counters that an Illinois Court has previously held that this service of suit clause "did not designate a particular forum in which to resolve disputes." (R. 20 at 3., citing *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 214 Ill. Dec. 901, 662 N.E.2d 467 (1996)). The Court acknowledges that the Illinois Appellate Court for the First Circuit has interpreted this clause as limiting only jurisdiction. *Whirlpool Corp.*, 278 Ill. App. 3d 175, 214 Ill. Dec. 901, 662 N.E.2d at 470 ("There is no mention here of any specific forum. Nor is there any clear agreement by [Defendant] that it will not challenge [Plaintiff's] choice of forum."). Importantly, however, the Illinois Appellate Court interpreted the clause in the context of *forum non conveniens*, and not §1441(a) removal. *Id.* (affirming that the clause presented "no bar to a *forum non conveniens* application"). The Court finds *Archdiocese of Milwaukee v. Underwriters at Lloyd's, London* instructive as to this distinction's importance. 955 F. Supp. 1066, 1069 (E.D. Wis. 1997). There, the court interpreted an identical service of suit clause and concluded that it barred §1441(a) removal but not *forum non conveniens*:

> The difference between remand and *forum non conveniens* is the difference between a purely private interest and a public interest; therefore, the *forum non conveniens* cases have no application to a remand case. The defendants' right to remove a case is their right alone. They can waive it, exercise it, or bargain it away. The court and the public have no interest in what the defendants do with their right to remove. On the contrary, *forum non conveniens* deals with where a case should be tried based on the interests of both the parties and the public. Regardless of what a party bargains away, it may not waive the public's interest; the court must still weigh the public interest involved.
>
> . . .
>
> [T]he issue is whether the defendants have waived their right to remove the plaintiffs' case to federal court. It may be that the defendants can move for a dismissal for *forum non conveniens*. It may be that the defendants could have filed a declaratory judgment action in federal court first. Nevertheless, the defendants waived their right to remove this case to federal court.

7

*Id.* (citing *Whirlpool Corp.*, 278 Ill. App. 3d 175, 214 Ill. Dec. 901, 662 N.E.2d at 471.) The present case presents a different analytical framework than that found in *Whirlpool*: Transfercom's private interests exclusively motivated its removal, meaning there are no countervailing public interests for the Court to consider in its remand calculus. Put differently, the agreed upon service of suit clause, rendering Transfercom's private interests moot, is determinative, unlike in *Whirlpool*'s *forum non conveniens* inquiry. Thus, in light of the public and private interest-differences between *forum non conveniens* and §1441(a) removal, respectively, Transfercom's reliance on *Whirlpool* is misapplied.

"Forum selection clauses, like all other contractual provisions, will be upheld if they are freely negotiated part of the contract between the parties." *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816, 818 (7th Cir. 2004) (citing *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001)). The parties do not dispute that they mutually agreed upon this contract and, particularly, its service of suit clause. This clause's "plain and ordinary meaning" constitutes a "clear and unequivocal" waiver of Transfercom's removal rights. As a result, the Court grants Pine Top's motion and remands the case to the Circuit Court of Cook County.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and remands the case to the Circuit Court of Cook County.

**DATED:  December 14, 2015**　　　　　　　　　　　**ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge